# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| AMELIA CHAVOUS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEALTH WEALTH SAFE, INC., )<br>)<br>Defendant. )<br>)<br>) | CIVIL ACTION FILE<br>File No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Amelia Chavous ("Ms. Chavous" or "Plaintiff") by and through undersigned counsel, and files this Complaint for Damages, and shows the Court as follows:

## INTRODUCTION

1.

Ms. Chavous is a former employee of Defendant Health Wealth Safe, Inc. ("HWS") Ms. Chavous brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), to correct the unlawful employment practices alleged herein. She seeks declaratory and injunctive relief, equitable relief, damages, and attorneys' fees and costs.

## I.   ADMINISTRATIVE PROCEDURES

2.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under Title VII.  Plaintiff filed her Charge of Discrimination against Health Wealth Safe, Inc on February 25, 2022. Plaintiff filed her amended EEOC charge on June 10, 2022. The EEOC issued its Notice of Right to Sue on June 17, 2022.

3.

Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## II. JURISDICTION AND VENUE

4.

Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

5.

This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b), because the Defendant resides in the Middle District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

### III.  THE PARTIES

6.

Plaintiff is a resident of the State of Georgia and is subject to this Court's jurisdiction.

7.

Defendant Health Wealth Safe, Inc., (hereinafter "HWS") may be served with process by delivering a copy of the summons and complaint to its Registered Agent, CT Corporation System at 289 S. Culver Street, Lawrenceville, Georgia 30046.

8.

Defendant HWS, is now and, at all times relevant hereto, has been a for-profit corporation.

9.

Defendant is engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed fifteen (15) or more employees.

### IV.  FACTUAL ALLEGATIONS

10.

Defendant hired Ms. Chavous, a female, sometime in December of 2019 as a Care Manager.

11.

Ms. Chavous performed well in her role, and as a result, HWS forced Ms. Chavous to become the Director of Care Manager in February of 2020 and did not increase her pay.

12.

After Ms. Chavous started working for HWS and Dr. Agrawal began subjecting Ms. Chavous to unwelcomed sexual advances, including comments on how Ms. Chavous was beautiful, that she needed sexual release, as well as kissing her and touching her.

13.

Dr. Agrawal's sexual advances towards Ms. Chavous included, but were not limited to, kissing her on multiple occasions, rubbing her in a sexual manner on her arm and telling her that she needed sexual release.

14.

Ms. Chavous attempted to avoid Dr. Agrawal and ignore his comments as much as possible.

15.

Ms. Chavous had no one to complain to other than a co-worker. Dr. Agrawal's wife was in charge of HR and Ms. Chavous felt uncomfortable complaining to Dr. Agrawal's wife about his inappropriate behavior.

16.

Ms. Chavous' only option to avoid working with Dr. Agrawal was to quit.

17.

Ms. Chavous resigned due to the constant sexual harassment sometime in October of 2021.

18.

Plaintiff's counsel sent Defendant a letter of representation regarding Plaintiff's claims of sexual harassment in December of 2021.

19.

Plaintiff filed her EEOC charge against defendant alleging claims of sexual harassment.

20.

Upon Notice of Plaintiff's complaints of sexual harassment, EEOC charge and Letter of representation, Defendant retaliated against Plaintiff by filing a lawsuit against Plaintiff in Barrow county alleging meritless claims.

21.

Defendant undertook all of the above-pled unlawful conduct intentionally, willfully, and maliciously with respect to the Plaintiff and her rights to be free from unwelcomed sexual advances, solicitations, and touching.

22.

Additionally, and in the alternative, Defendant undertook all of the above-pled conduct with reckless disregard for the Plaintiff and her rights to be free from unwelcomed sexual advances, solicitations, and touching.

## COUNT I
## Retaliation in Violation of Title VII

23.

Plaintiff incorporates each of the above factual allegations as if fully restated here.

24.

Title VII prohibits employers from retaliating against employees who report or oppose sexual harassment.

25.

Defendant unlawfully retaliated against Plaintiff, in violation of her rights under Title VII by, among other things, constructively discharging her employment because she opposed unwelcomed sexual conduct.

26.

Defendant's conduct constitutes unlawful retaliation in violation of Title VII.

27.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

28.

Defendant undertook its unlawful conduct intentionally and maliciously with respect to Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against it.

29.

Alternatively, Defendant undertook its unlawful conduct recklessly with respect to the Plaintiff and her federally protected rights, entitling Plaintiff to recover punitive damages against it.

30.

Defendant has acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

   a.  declaratory judgment that Defendant violated the Plaintiff's rights under the Title VII and violated state tort laws;

   b.  an injunction prohibiting the Defendant from engaging in such unlawful conduct in the future;

   c.  compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

   d.  punitive damages, against Defendant, in an amount to be determined by the enlightened conscience of the jury, to sufficiently punish Defendant for their conduct toward Plaintiff and deter him from similar conduct in the future;

   e.  reasonable attorneys' fees and costs; and

   f.  other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 14th day of September 2022

**THE LEACH FIRM, P.A.**

/s/Adeash Lakraj_____
Adeash A.J. Lakraj
GA Bar No. 444848
631 S. Orlando Ave, Suite 300
Wells Fargo Building
Winter Park, FL 32789

Telephone: 770.728.8478
Facsimile: 833.423.5864
Email: alakraj@theleachfirm.com

***/s/ Anthony J. Hall***
Anthony J. Hall, Esq.
GA Bar No. 318028
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (321) 594-7316
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com

***Attorneys for Plaintiff***

9